IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., CONTRARIAN FUNDS, L.L.C., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. Nos.:  21-mc-00018-LPS; <br> 22-mc-00131-LPS; <br> 22-mc-00263-LPS |

## PETRÓLEOS DE VENEZUELA, S.A.'S MOTION TO INTERVENE

Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order permitting it to intervene in this action.

PDVSA's request to intervene is unopposed and uncontroversial, and this Court has granted this relief in several previous instances. For the reasons set forth below, PDVSA respectfully requests that the Court permit PDVSA to intervene in this proceeding to oppose Plaintiffs' Motion for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 4] ("Attachment Motion").[1]

---

[1] Pursuant to Local Rule 7.1.1, prior to filing this motion, counsel for PDVSA contacted counsel for Plaintiffs to ask if Plaintiffs would consent to PDVSA's intervention. Counsel for Plaintiffs

## GROUNDS FOR INTERVENTION

Plaintiffs are judgment creditors of Venezuela.  D.I. 4 at 3-4.  In October 2020, May 2021, and October 2021, the United States District Court for the Southern District of New York entered judgments against the Republic (the "Judgments") based upon the Republic's default on its obligations under two fiscal agency agreements and various bonds beneficially-owned by Contrarian.  D.I. 4 at 3-4.  PDVSA was not a party to the underlying litigation and Plaintiffs have no judgment against PDVSA.

On January 21, 2021, March 18, 2022, and June 10, 2022, respectively, Plaintiffs registered the Judgments in this Court.  21-mc-00018, D.I. 1; 22-mc-00131, D.I. 1; 22-mc-00263, D.I. 1.  On April 26, 2023, Plaintiffs filed the Attachment Motion, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDVH, which are wholly owned by PDVSA.  D.I. 4.

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA").  As a result, PDVSA is presumptively immune from the jurisdiction of this Court.  With the Attachment Motion, Plaintiffs seek to abrogate the immunity to which PDVSA is entitled under the FSIA and ultimately to execute on a judgment against the Republic by seizing and selling assets of PDVSA on the theory that PDVSA is the alter ego of Republic.

PDVSA seeks to intervene in this action pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and (b)(1)(B), without waiving any defenses that may be available to it, including but not limited to any defense under the FSIA.

---

indicated that Plaintiffs did not intend to oppose PDVSA's intervention.  All docket entries refer to 22-mc-00263-UNA, unless otherwise specified.

I.  **PDVSA Is Entitled To Intervention As Of Right**

Pursuant to FRCP 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts construe Rule 24 liberally in favor of intervention." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF, 15-250-SLR/SRF, 2015 U.S. Dist. LEXIS 117422, at *5 (D. Del. Sept. 3, 2015) (citations omitted).

The Third Circuit requires four elements to intervene under FRCP 24(a)(2): "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks omitted). PDVSA satisfies each of these elements. Indeed, this Court has previously permitted PDVSA to intervene under similar circumstances in a number of related cases. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-mc-151-LPS, D.I. 17 (D. Del. Aug. 28, 2017); *OI European Group BV v. Bolivarian Republic of Venezuela*, Misc. No. 19-mc-290-LPS, D.I. 60 (D. Del. Mar. 19, 2021); *Northrop Grumman Ship Sys. Inc. v. Ministry of Def. of Republic of Venezuela*, Misc. No. 20-mc-257, D.I. 24 (D. Del. Feb. 10, 2021); *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-0046-LPS, D.I. 15 (D. Del. Dec. 14, 2021); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-481-LPS, D.I. 20 (D. Del. June 15, 2022); *Koch Minerals v. Bolivarian Republic of*

*Venezuela*, Misc. No. 22-mc-156-LPS, D.I. 15 (D. Del. Nov. 16, 2022); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, Misc. No. 22-mc-453-LPS, D.I. 14 (D. Del. Jan. 11, 2023).

Timely Application.   This application is timely.  In construing timeliness under Rule 24, courts consider "(1) the stage of the proceeding; (2) the prejudice that delay [if any] may cause the parties; and (3) the reason for [any] delay."  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted).

This proceeding is at an early stage.  The Attachment Motion was filed on April 26, 2023 and Plaintiffs will not suffer any prejudice as a result of PDVSA's intervention.  The Court has yet to decide the motion or determine – as it must prior to granting the Attachment Motion – that it has subject matter jurisdiction to adjudicate the legal status of PDVSA and order the attachment of PDVSA's property.[2]  Thus, PDVSA is not asking the Court to revisit any earlier rulings in this case or for the parties to rebrief any issues.  *See Wallach*, 837 F.3d at 378 (no prejudice where intervenors "have not sought to re-open discovery or rebrief class certification"); *Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54, 58 (S.D.N.Y. 2013) (finding that intervenors caused no prejudice to existing parties where "[t]he Court's decision on summary judgment is not affected by their intervention").

For all of these reasons, PDVSA's application to intervene is timely.

Sufficient Interest in the Litigation.  The Attachment Motion seeks a ruling that PDVSA is the alter ego of the Republic, and seeks the eventual issuance and service of a writ of

---

[2] On May 8, 2023, Plaintiffs wrote to the Court, noting that a response to their Attachment Motion is due on May 10, 2023 pursuant to the fourteen-day deadline set forth in Local Rule 7.1.2(b).  D.I. 8 at 1.  PDVSA is not named as a party to this proceeding and, therefore, the fourteen-day deadline does not apply to it.  Prior to granting Plaintiffs any relief, the Court must first determine whether it has subject matter jurisdiction under the FSIA and the Court has yet to do so.

attachment against the shares of PDVH, which are wholly owned by PDVSA. The threatened seizure and sale of PDVSA's property are more than sufficient to establish the requisite interest in this matter. *See American Electronic Laboratories, Inc. v. Dopp*, 54 F.R.D. 241, 242-43 (D. Del. 1972) (pursuant to consent order, permitting bank to intervene for purpose of vacating attachment over shares of stock in which bank claimed an interest).

<u>Disposition of the Matter Would Impair or Threaten PDVSA's Interests</u>. The Attachment Motion, if granted, would result in a ruling abrogating PDVSA's sovereign immunity under the FSIA and would authorize the eventual issuance and service of a writ of attachment against PDVSA's shares of PDVH. If successful, the attachment, and eventual execution, would permanently deprive PDVSA of its 100% ownership interest in PDVH. As a "practical matter," the relief sought in the Attachment Motion would substantially impair and threaten PDVSA's interests. *Terr. of V.I.*, 748 F.3d at 519.

<u>Inadequate Representation</u>. PDVSA is the 100% owner of the PDVH shares that are the target of the Attachment Motion. The Republic, the only named defendant in this action, does not have any direct interest in that property. Based on these facts, the "minimal" showing of inadequate representation required for intervention is more than satisfied. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Accordingly, PDVSA is entitled to intervene under FRCP 24(a)(2).

## II.     <u>PDVSA Should Be Permitted To Intervene</u>

Alternatively, PDVSA should be permitted to intervene under FRCP 24(b)(1)(B). Pursuant to FRCP 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The principal consideration with a motion for permissive

intervention is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Wallach.*, 837 F.3d at 375, 377–78 (concluding that proposed intervenors' delay in filing was not undue).

As discussed above, PDVSA's motion for intervention is timely. Moreover, PDVSA has defenses that share common questions of law or fact with the main action; here, Plaintiffs' Attachment Motion. The Attachment Motion asks the Court to permit the eventual issuance and service of a writ of attachment against PDVSA's property on the theory that PDVSA is the alter ego of Venezuela. PDVSA seeks to intervene precisely so that it can defend against that claim and the attachment of its property (at the appropriate time). Finally, permitting PDVSA to intervene will not unduly delay or prejudice the original parties' rights given that the Attachment Motion has not yet been ruled on by this Court.

Accordingly, the Court should permit PDVSA to intervene under FRCP 24(b)(1)(B).

## CONCLUSION

For the reasons set forth above, PDVSA respectfully requests that the Court grant its motion for leave to intervene.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel Taylor Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro *(pro hac vice* to be filed*)*
Kevin A. Meehan *(pro hac vice* to be filed*)*

Juan O. Perla *(pro hac vice* to be filed*)*
Aubre G. Dean *(pro hac vice* to be filed*)*
Allesandra D. Tyler *(pro hac vice* to be filed*)*
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

Dated:  May 11, 2023