**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., CONTRARIAN FUNDS, L.L.C., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>                    Plaintiffs,<br>       v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                    Defendant. | Misc. Nos.:  21-mc-00018-LPS;<br>22-mc-00131-LPS;<br>22-mc-00263-LPS |

**MEMORANDUM OF LAW OF PETRÓLEOS DE VENEZUELA, S.A. IN SUPPORT OF CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR A WRIT OF ATTACHMENT**

OF COUNSEL:

Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
Allesandra D. Tyler (*pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its cross-motion to dismiss and in opposition to Plaintiffs' Motion for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 4] ("Attachment Motion").

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs are judgment creditors of Venezuela. D.I. 4 at 3-4. In October 2020, May 2021, and October 2021, the United States District Court for the Southern District of New York entered judgments against the Republic (the "Judgments") based upon the Republic's default on its obligations under two fiscal agency agreements and various bonds beneficially-owned by Plaintiffs. D.I. 4 at 3-4. PDVSA was not a party to the underlying agreements or the underlying litigation. Plaintiffs have no judgment against PDVSA.

On January 21, 2021, March 18, 2022, and June 10, 2022, respectively, Plaintiffs registered the Judgments in this Court. 21-mc-00018, D.I. 1; 22-mc-00131, D.I. 1; 22-mc-00263, D.I. 1. On April 26, 2023, Plaintiffs filed the Attachment Motion, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDVH, which are wholly owned by PDVSA. D.I. 4. On May 11, 2023, PDVSA moved to intervene in this action to oppose Plaintiffs' Attachment Motion. D.I. 12. This Court granted PDVSA's intervention motion on May 18, 2023. D.I. 18.

## ARGUMENT

### I. PDVSA's Cross-Motion to Dismiss Must Be Granted Because PDVSA and Its Property Are Entitled to Immunity under the FSIA

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court and its assets are presumptively immune from attachment and execution. *See*

28 U.S.C. §§ 1604, 1609; *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Here, the Attachment Motion argues that the Republic waived its immunity from jurisdiction and execution in the underlying fiscal agency agreements with Plaintiffs. However, PDVSA is not a party to those agreements and therefore any provisions in those agreements purporting to waive the Republic's immunities do not apply to PDVSA. Furthermore, as explained below and in the Republic's opposition to the Attachment Motion, Plaintiffs cannot demonstrate that PDVSA is the alter ego of the Republic and therefore the Republic's waivers of immunity cannot be imputed to PDVSA. *See EM Ltd. v. Banco Central de la República Argentina,* 800 F.3d 78, 90 (2d Cir. 2015) (holding that Argentina's express waiver of immunity in the fiscal agency agreement with the plaintiff could not be imputed to an Argentine state owned company). Accordingly, the Attachment Motion must be dismissed for lack of subject matter jurisdiction under the FSIA.

## II.     Plaintiffs' Attachment Motion Must Be Denied

PDVSA opposes Plaintiffs' Attachment Motion for all the reasons set forth in the Republic's opposition to the Attachment Motion.

*First*, Plaintiffs' Attachment Motion is predicated on the theory that PDVSA is the alter ego of the Republic such that PDVSA's shares of PDVH can be attached and executed upon to satisfy the Plaintiffs' judgments against the Republic. However, Plaintiffs does not even attempt to prove an alter ego relationship between PDVSA and the Republic as of the filing of the Attachment Motion in April 2023. Instead, Plaintiffs argue that PDVSA is estopped from disputing an alter ego relationship in view of this Court's decision in *OI European Group B.V. v. Bolivarian Republic of Venez.*, No. 19-290-LPS, 2023 U.S. Dist. LEXIS 49287 (D. Del. Mar. 23, 2023) ("*OIEG*"), which found that an alter ego relationship existed up to October 13, 2022.

PDVSA strongly disagrees with the Court's findings and conclusions in *OIEG* and has appealed that decision to the Third Circuit. This Court's decision in *OIEG* will have no collateral

3

effect if it is reversed by the Third Circuit. Furthermore, for all the reasons stated in the Republic's opposition to Plaintiffs' Attachment Motion, this Court's decision in *OIEG* is not entitled to collateral effect in this case, and Plaintiffs have not even attempted to make any showing to rebut the strong presumption that PDVSA is separate from the Republic under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("<u>Bancec</u>"). Thus, the Attachment Motion must be denied.

*Second*, for all the reasons stated in the Republic's opposition, the Attachment Motion must be denied as a matter of Delaware law.

## CONCLUSION

For the reasons set forth above and in the Republic's opposition, this Court should grant PDVSA's motion to dismiss and deny Plaintiffs' Attachment Motion.

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*

OF COUNSEL:
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
Allesandra D. Tyler (*pro hac vice*)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

Dated: June 2, 2023