# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 17-151-LPS |
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-79-LPS |
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-290-LPS |
| PHILLIPS PETROLEUM COMPANY VENEZUELA LIMITED and CONOCOPHILLIPS PETROZUATA B.V., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., CORPOGUANIPA, S.A., and PDVSA PETRÓLEO, S.A., <br><br> Defendants. | Misc. No. 19-342-LPS |

| | |
|---|---|
| NORTHROP GRUMMAN SHIP SYSTEMS, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA,<br><br>　　　Defendant. | Misc. No. 20-257-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　Defendant. | Misc. No. 21-18-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　Defendant. | Misc. No. 21-46-LPS |
| RUSORO MINING LIMITED,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　Defendant. | Misc. No. 21-481-LPS |

| | |
|---|---|
| RED TREE INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>　　　　Defendants. | Misc. No. 22-68-LPS |
| RED TREE INVESTMENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETRÓLEOS DE VENEZUELA, S.A. and PDVSA PETRÓLEO, S.A.,<br><br>　　　　Defendants. | Misc. No. 22-69-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and EMMA 1 MASTER FUND, L.P.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | Misc. No. 22-131-LPS |
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　Defendant. | Misc. No. 22-156-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-263-LPS |
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>    Plaintiff,<br><br>    v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>    Defendants. | Misc. No. 22-264-LPS |
| SIEMENS ENERGY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>    Defendant. | Misc. No. 22-347-LPS |
| GOLD RESERVE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Misc. No. 22-453-LPS |

| | |
|---|---|
| VALORES MUNDIALES, S.L. and CONSORCIO ANDINO, S.L., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendants. | Misc. No. 23-298-LPS |

## MEMORANDUM ORDER

At Wilmington this 21st day of June, 2023:

Having reviewed the briefing submitted in connection with the issues outlined in the May 10, 2023 order relating to whether any Additional Judgments should be added to the sale process, **IT IS HEREBY ORDERED** that the following questions *shall* be answered by the parties noted in the question(s) – and *may* be answered by any other interested entity – in letter briefs *not to exceed five pages*[1] that shall be filed no later than *4:00 p.m. on Friday, June 23*:

1. What is the Special Master's view of whether, pursuant to paragraph 49 of the Sale Procedures Order, the Court should order proceedings that would result in the issuance of a replacement certificate of the PDVH shares owned by PDVSA? Would the failure to have a replacement certificate issued tend to make it more difficult to achieve a value-maximizing sale transaction?

2. What is the Venezuela Parties' view as to whether the share certificate is already effectively in the possession of the U.S. Marshals as a result of the writ of attachment issued to Crystallex and served on PDVSA in 2018? Do the Venezuela Parties agree that any additional writs would need to be served on Crystallex?

3. Should the Court certify to the Delaware Supreme Court the question of whether, notwithstanding the 1998 amendment of 8 Del. C. § 324 to add reference to Del. C. § 8-112, the Court retains authority under the circumstances presented here to order PDVH to reissue the share certificate or, alternatively, to waive the physical seizure requirement?

---

[1] To be clear, no party or entity may submit a letter brief that exceeds five pages. This limitation applies no matter how many questions to which any party or entity responds.

4. What is the Special Master's view as to the latest possible date in the process (e.g., Launch Date, Date of Sale, some other date) he can know with certainty which judgments are Additional Judgments being added to the sale process – and which judgments or Additional Judgments have perfected attachments – without the uncertainty prior to that date adversely affecting his ability to obtain a value-maximizing transaction?

5. Do paragraphs 15 and/or 47 and/or any other part of the Sale Procedures Order resolve whether a party whose judgment is added as an Additional Judgment must pay (i) pro rata (i.e., a percentage equal to the ratio of its judgment to the total judgments at issue in the sale) or per capita (i.e., each party with a judgment pays a percentage equal to 1 divided by the number of parties with a judgment that is at issue in the sale), and (ii) fees and expenses retroactive to the beginning of the Special Master's work or only fees and expenses incurred beginning on the date the party's judgment is made an Additional Judgment? If these matters are not viewed as already resolved by the Sale Procedures Order, what should the Court's answers to them be?

6. Does any party dispute RDK's representation that it has a license from OFAC that authorized it to engage in activities incident and necessary to the settlement of claims by RDK against PDVSA and to obtain the writ of attachment *fieri facias* it received from the Superior Court of Delaware? Does any party dispute that the Venezuela Parties waived any sovereign immunity argument they might otherwise have been able to raise against RDK?

---

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT