# ATTACHMENT A

## DEFINITIONS

1. "National Assembly" means the Venezuelan National Assembly elected on December 6, 2015 and recognized by the United States government.

2. "PDVSA" means Petróleos de Venezuela, S.A.

3. The "Republic" means the government of the Bolivarian Republic of Venezuela recognized by the United States.

4. The term "all" means "any and all."

5. The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate in each instance so as to bring within the scope of each of these Definitions, Topics, Instructions, and Requests any information that might otherwise be considered beyond that scope.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1. As used herein, each singular word shall include its plural and vice versa, and the words "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of each request any information which might otherwise be construed to be outside its scope.

2. Wherever possible or necessary to render a given Request for Production more inclusive than it otherwise might be, any verb tense should be construed to include other tenses; and any reference to one gender should be construed to include the other.

3. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate and inclusive.

4. If any term in these Instructions or a Request for Production is specifically defined in the Definitions, that term shall be construed in accordance with that definition.

5.      Each Request for Production is to be read, construed, and responded to separately and independently without reference to or being limited by any other Request for Production.

6.      In responding to these Requests, furnish all documents available to You, including documents in the possession of Your attorneys, agents, accountants, bankers, advisors, and all other persons acting or purporting to act on Your behalf, and not merely such documents known to You of Your direct or personal knowledge.  If You cannot respond to any of these Requests in full after exercising due diligence to secure the information, You are required to so state and answer to the extent possible, specifying Your inability to respond to the remainder, and why You are unable to respond thereto.

7.      In the event that any document called for by these Requests has been destroyed or discarded, that document is to be identified as follows:

    a.      each addressor and addressee;

    b.      each indicated or blind copy;

    c.      the document's date, subject matter, number of pages, and attachments or appendices;

    d.      all persons to whom the document was distributed, shown, or explained;

    e.      its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

    f.      the person who authorized such destruction or discard.

8.      If any documents responsive to these Requests are withheld from production, furnish a list of all such documents withheld.  Such list should contain a complete identification of each such document (as defined in these Instructions or in the Definitions herein) and a statement of the ground or grounds upon which it is being withheld, stated in sufficient detail to permit a ruling on the validity of the withholding.

9.     For any documents withheld from production in whole or in part on a claim of attorney-client privilege, attorney work product, common interest doctrine, or any other claim of privilege, provide a written privilege log setting forth sufficient information to permit a full determination of whether the claim of privilege is valid, including at a minimum:

a.  an identification of each communication or document embodying the allegedly protected information by author, date, and title;

b.  the identity of any person or persons from and to whom the information has been communicated;

c.  a brief description of the subject matter of the information; and

d.  the legal and factual ground or grounds upon which You rely in withholding the information in sufficient detail so that the Court may make a determination on Your claim of privilege.

10.    If no documents are responsive to a particular request, state that no responsive documents exist.  The documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiffs can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.  By way of example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, document, or grouping, in the same order or manner of arrangement as the original.  By way of further example, documents stored in electronic format shall be produced in a medium that preserves the original file structure where the document resided and shall be produced with sufficient metadata to indicate the original file structure.  Documents stored in electronic format shall be produced in their native format unless otherwise agreed by the parties.

11. Unless otherwise specified, the relevant time period for each Request is the time period covered by October 13, 2022 through the present.

12. These Requests shall be deemed continuing. Accordingly, promptly produce any additional documents that become available to You, or to any of Your employees, officers, principals, attorneys, agents, or other representatives, after the date of Your initial production.

## REQUESTS FOR PRODUCTION

1. All agreements and drafts of agreements relating to transfers or advancements of funds, including loans, from PDVSA to the Republic, the National Assembly, or the Asset Protection Council.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]