IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., CONTRARIAN FUNDS, L.L.C., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>            Plaintiffs,<br><br>     v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>            Defendant. | Misc. Nos.:  21-mc-00018-LPS;<br>22-mc-00131-LPS;<br>22-mc-00263-LPS |

**MEMORANDUM OF LAW OF PETRÓLEOS DE VENEZUELA, S.A. IN SUPPORT OF CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION AND IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR A WRIT OF ATTACHMENT**

| | |
|---|---|
| OF COUNSEL:<br><br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>Joseph D. Pizzurro (*pro hac vice*)<br>Kevin A. Meehan (*pro hac vice*)<br>Juan O. Perla (*pro hac vice*)<br>Aubre G. Dean (*pro hac vice*)<br>Allesandra D. Tyler (*pro hac vice*)<br>101 Park Avenue<br>New York, NY 10178<br>(212) 696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br>adean@curtis.com<br>atyler@curtis.com | HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>Samuel T. Hirzel, II (#4415)<br>Brendan Patrick McDonnell (# 7086)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>SHirzel@hegh.law<br>bmcdonnell@hegh.law<br><br>*Attorneys for Intervenor Petróleos de Venezuela, S.A.* |

Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its cross-motion to dismiss and in opposition to Plaintiffs' Renewed Motion for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 48] ("Attachment Motion").[1]

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs are judgment creditors of Venezuela. D.I. 48 at 2-3. In October 2020, May 2021, and October 2021, the United States District Court for the Southern District of New York entered judgments against the Republic (the "Judgments") based upon the Republic's default on its obligations under two fiscal agency agreements and various bonds beneficially-owned by Plaintiffs. *Id.* PDVSA was not a party to the underlying agreements or the underlying litigation. Plaintiffs have no judgment against PDVSA.

On January 21, 2021, March 18, 2022, and June 10, 2022, respectively, Plaintiffs registered the Judgments in this Court. 21-mc-00018, D.I. 1; 22-mc-00131, D.I. 1; 22-mc-00263, D.I. 1. On April 26, 2023, Plaintiffs filed their first Motion for a Writ of Attachment, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding Inc. (PDVH), which are wholly owned by PDVSA. D.I. 4. On May 11, 2023, PDVSA moved to intervene in this action to oppose Plaintiffs' Attachment Motion. D.I. 12. This Court granted PDVSA's intervention motion on May 18, 2023. D.I. 18.

On June 2, 2023, PDVSA filed a Cross-Motion to Dismiss for Lack of Jurisdiction and Opposition to Plaintiffs' Motion for a Writ of Attachment. D.I. 26. Plaintiff opposed PDVSA's Cross-Motion to Dismiss. D.I. 32. On June 23, 2023, the Court denied Plaintiffs' Motions for a Writ of Attachment without prejudice. D.I. 34. On July 21, 2023, Plaintiffs filed a Renewed Motion for a Writ of Attachment. D.I. 48.

---

[1] "D.I." citations are to filings in No. 21-mc-00018 unless otherwise stated.

2

**ARGUMENT**

I.     **PDVSA and Its Property Are Entitled to Immunity under the FSIA**

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court and its assets are presumptively immune from attachment and execution. *See* 28 U.S.C. §§ 1604, 1609; *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Accordingly, this Court cannot grant the Attachment Motion unless it determines that PDVSA is not entitled to immunity and that subject matter jurisdiction exists under the FSIA.

The Attachment Motion argues that the Republic waived its immunity from jurisdiction and execution in the underlying fiscal agency agreements with Plaintiffs. However, PDVSA is not a party to those agreements and therefore any provisions in those agreements purporting to waive the Republic's immunities do not apply to PDVSA. Plaintiffs argue that the waivers of immunity in the underlying agreements are binding on PDVSA on the grounds that PDVSA is the alter ego of the Republic based on *OI European Grp. B.V. v. Republic of Venezuela*, 73 F.4th 157 (3d Cir. July 7, 2023).

Pursuant to the parties' stipulation, PDVSA agrees that the Third Circuit's decision in *OIEG* is binding on the parties in this case subject to PDVSA's right to appeal the denial of its sovereign immunity in the event the Court grants the Attachment Motion. D.I. 52 at 2-3. Furthermore, as also stated in the parties' stipulation, PDVSA and the Republic intend to file a petition for a writ of certiorari in *OIEG* and associated cases, and PDVSA expressly reserves its right to seek relief from any judgment or order granting the Attachment Motion in the event the Third Circuit's decision in *OIEG* is reversed, modified, or overruled.

## II.  Plaintiffs' Attachment Motion Must Be Denied

PDVSA opposes Plaintiffs' Attachment Motion for all the reasons set forth in the Republic's opposition to the Attachment Motion.  Pursuant to the parties' stipulation, the parties agree that they are bound by the Third Circuit's finding in *OIEG* that PDVSA is the alter ego the Republic for purposes of rebutting the presumption of separateness under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*").  For the avoidance of doubt, PDVSA reserves its right to appeal a denial of its sovereign immunity in this case that is predicated on the *Bancec* analysis in *OIEG*.  PDVSA further reserves its right to seek relief from any judgment or order granting the Attachment Motion in the event the Third Circuit's decision in *OIEG* is reversed, modified, or overruled.  Finally, for all the reasons stated in the Republic's opposition, which are incorporated herein, the Attachment Motion must be denied as a matter of Delaware law.

## **CONCLUSION**

For the reasons set forth above and in the Republic's opposition, this Court should grant PDVSA's motion to dismiss and deny Plaintiffs' Attachment Motion.

|  |  |
|---|---|
|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| OF COUNSEL: | */s/ Samuel T. Hirzel, II* |
|  | Samuel T. Hirzel, II (#4415) |
| CURTIS, MALLET-PREVOST, | Brendan Patrick McDonnell (# 7086) |
| COLT & MOSLE LLP | 300 Delaware Avenue, Suite 200 |
|  | Wilmington, DE 19801 |
| Joseph D. Pizzurro (*pro hac vice*) | (302) 472-7300 |
| Kevin A. Meehan (*pro hac vice*) | SHirzel@hegh.law |
| Juan O. Perla (*pro hac vice*) | bmcdonnell@hegh.law |
| Aubre G. Dean (*pro hac vice*) |  |
| Allesandra D. Tyler (*pro hac vice*) | *Attorneys for Intervenor Petróleos de Venezuela, S.A.* |
| 101 Park Avenue |  |
| New York, NY 10178 |  |
| (212) 696-6000 |  |
| jpizzurro@curtis.com |  |
| kmeehan@curtis.com |  |
| jperla@curtis.com |  |
| adean@curtis.com |  |
| atyler@curtis.com |  |

Dated: August 11, 2023