ABRAMS & BAYLISS LLP
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE 19807
MAIN: 302-778-1000
FAX: 302-778-1001

CHRISTOPHER FITZPATRICK CANNATARO

DIRECT DIAL NUMBER
(302) 778-9367

September 18, 2023

**VIA CM/ECF**

The Honorable Leonard P. Stark
United States Circuit Judge
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

>     Re:   *Pharo Gaia Fund Ltd. et al. v. Bolivarian Republic of Venezuela*, Nos. 23-mc-360 and 23-mc-361; *Contrarian Capital Management, L.L.C. et al. v. Bolivarian Republic of Venezuela*, Nos. 21-mc-18, 22-mc-131, and 22-mc-263; *Tidewater Investment SRL et al. v. Bolivarian Republic of Venezuela*, No. 19-mc-79; *Valores Mundiales, S.L. et al. v. Bolivarian Republic of Venezuela*, No. 23-mc-298

Dear Judge Stark:

On behalf of the Bolivarian Republic of Venezuela, we write in response to Plaintiffs' September 14, 2023 letter.[1] During the September 12, 2023 hearing, the Court asked Plaintiffs to identify any authority suggesting that Delaware law permits a court to consider a party's litigation conduct as a factor in establishing alter ego liability. Plaintiffs admit that they were unable to find any such authority. That is unsurprising, because no such authority exists. As far as we are aware, no Delaware court has *ever* made an alter-ego finding where a failure to respect corporate separateness *did not cause harm to the creditor* that amounted to *fraud or similar injustice*.

Plaintiffs thus are forced to invoke out-of-context soundbites from lower court opinions to dilute Delaware's well-established standard of fraud or similar injustice. In quoting seventeen words from *Manichaean Capital, LLC v. Exela Technologies, Inc.*, for example, Plaintiffs overlook the framework that case adopted for evaluating attempts, like Plaintiffs' here, for "reverse veil piercing," which the court emphasized "should be sanctioned only in the most 'exceptional circumstances.'" 251 A.3d 694, 714 (Del. Ch. 2021). "The natural starting place," the court stated, is "the so-called 'alter ego' factors

---

[1] PDVSA also joins in this letter.

The Honorable Leonard P. Stark
September 18, 2023
Page 2

that include insolvency, undercapitalization, commingling of corporate and personal funds, the absence of corporate formalities, and whether the subsidiary is simply a facade for the owner." *Id.* If these are satisfied, "[t]he court should then ask whether the owner is **utilizing the corporate form to perpetuate fraud or an injustice**." *Id.* at 714–15 (emphasis added).

The allegations in *Manichaean* exemplify what is lacking here: support for the conclusion "that fraud or injustice be found in the defendants' use of the corporate form," *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 392 (D. Del. 2012) (Stark, J.) (cleaned up). The parent and subsidiaries of the judgment debtor in *Manichaean*, with a judgment against it imminent in an appraisal action, made an "apparently deliberate effort to starve" the judgment debtor of cash, including by causing funds to flow around the judgment debtor from its subsidiaries to its parent corporation, leaving the judgment debtor with no direct operating assets and no bank or brokerage accounts, and improperly pledging accounts receivables "so that income that should flow up to [the judgment debtor] no longer does." *Manichaean*, 251 A.3d at 708-09. This, among other alleged abuses, was sufficient to permit an alter ego claim to survive a motion to dismiss. Plaintiffs have made no similar showing—indeed no showing at all—that PDVSA participated in any scheme to drain the Republic of assets and defraud the Republic's creditors.

The other Delaware cases cited by Plaintiffs long predate the controlling authority of *Crosse v. BCBSD, Inc.*, 836 A.2d 492 (Del. 2003), and are of no help to Plaintiffs. Indeed, the results in those cases are entirely consistent with our position. In *Pauley Petroleum, Inc. v. Continental Oil Co.*, 231 A.2d 450 (Del. Ch. 1967), the court *rejected* an alter ego finding where "neither fraud nor evasion of a judicial decree nor like conduct [was] involved." *Id.* at 453. And in *Mabon, Nugent & Co. v. Texas Am. Energy Corp.*, No. CIV. A. 8578, 1990 WL 44267 (Del. Ch. 1990), the court held that a fact-finder could make an alter ego finding where a parent corporation had extracted financial benefits from a subsidiary corporation that was unable to pay its debts. *Id.* at *5.

The Republic and PDVSA strongly take issue with Plaintiffs' unsubstantiated rhetoric about "bad-faith tactics." Every position the Venezuela Parties have taken in this litigation has been taken in good faith. It is not bad faith to vigorously assert their rights in a situation that is unique in many ways—including difficult questions of sovereign immunity, the OFAC sanctions regime, a humanitarian crisis, a legitimate government that has been deprived of access (both direct or indirect) to most of its assets by the illegitimate Maduro regime, creditors who did not even attempt to prove alter ego liability in their underlying lawsuits and arbitration proceedings, and the first-ever execution process involving an asset as large and complex as CITGO. In the passages cited by Plaintiffs, neither this Court nor the Third Circuit accused anyone of litigating in bad faith—much

The Honorable Leonard P. Stark
September 18, 2023
Page 3

less of conduct tantamount to fraud or similar injustice. Expressing sympathy with a persistent creditor is not the same as finding that the debtor committed fraud, and this Court has found that Crystallex did not allege facts constituting probable cause to find "fraud or injustice." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,* 333 F. Supp. 3d 380, 403-04 (D. Del. 2018), *aff'd*, 932 F.3d 126 (3d Cir. 2019).

In any event, Plaintiffs' name-calling is futile. "Delaware courts have held that the possibility that a plaintiff may have difficulty enforcing a judgment is not an injustice warranting piercing the corporate veil." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008). "If creditors could enter judgments against shareholders every time that a corporation becomes unable to pay its debts as they become due, the limited liability characteristic of the corporate form would be meaningless." *Mason v. Network of Wilmington, Inc.*, No. 19434-NC, 2005 WL 1653954, *3 (Del. Ch. July 1, 2005).

Indeed, making an alter ego determination here would *perpetrate* an injustice. It would deprive PDVSA *and its creditors* of assets that rightly belong to PDVSA by allowing creditors of the Republic "to jump in front of the subsidiary's creditors," *see Manichaean*, 251 A.3d at 711, and seize those assets simply because the illegitimate Maduro regime has improperly disregarded PDVSA's corporate separateness with respect to other assets. In short, an alter ego finding would *exacerbate*, rather than remedy, the disregard of PDVSA's corporate separateness, to the detriment of PDVSA and its creditors.

Respectfully,

*/s/ Christopher Fitzpatrick Cannataro*

Christopher Fitzpatrick Cannataro (#6621)

CFC/
CC: All Counsel of Record (via CM/ECF)